UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DELVONTA LINTON,                                                                                                                Plaintiff,

v.                                                                               Civil Action No. 3:18-cv-P846-DJH

LOUISVILLE KY METRO DEPT
OF CORRECTION JAIL *et al.*,                                                               Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Delvonta Linton filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some of Plaintiff's claims and give him an opportunity to amend his complaint.

### I. SUMMARY OF ALLEGATIONS

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), sues the following Defendants: "Louisville KY Metro Dept of Correction Jail"; "Staff et, al"; Kitchen, Maintenance Staff, et, al"; and Mark Bolton, the LMDC Director. Plaintiff sues Defendant Bolton in his individual and official capacities but does not indicate in which capacity he sues other Defendants.

Plaintiff states that he and other inmates were "forced to eat dirty foods, served on dirty trays, violating my human rights civil rights and prisoner rights." He asserts that he wrote grievances but that the jail failed to respond in five days, which Plaintiff states "violates its own policies, civil rights, human rights, prisoners rights." He further states, "In the kitchen there is a roach infestation under the pallet by the dishwasher not to mention dishwasher is broke so all the trays are washed in trash cans without proper sanitation which violates all the health codes and

food permit requirements." Plaintiff further states that there is "black mold on the trays and in the tray storage area. Also holes in the trays that house insects and bugs that crawl on trays which are then served dirty and unsanitized to inmates . . . ." He asserts that inmates are "forced to eat off of trays served dailey with previous days food still on them, violating my human rights civil rights prisoner rights and constitutional rights."

Plaintiff continues, "Inmates are forced to keep quiet about the horrible condition of the kitchen. Not only myself but others have gotten sick multiple times. FBI and FDA have failed to investigate these matters." Plaintiff also maintains, "Grievances are never answered and the jail is unsupervised after 4pm."

Plaintiff further states, "My human and constitutional rights to freedom of religion was violated as Christians are given their holy book for free. They are allowed to go to services without restrictions while Muslims and Jews are persecuted and forced to pay for their books and prayer rugs." He asserts, "Also we are forced to be put on a list to attend any services and the list is handpicked and a wait is required. Ive been denied the right to participate in Jumar and other Islamic services" in violation of the First Amendment and "human and civil rights." He maintains that he has been "treated unfairly because I'm Muslim also persecuted because I'm Muslim without anyone to report this too, as the jail makes it impossible to talk to anyone with authority to change things."

Plaintiff states, "Grievances are filed daily and unanswered. This is a violation of Constitution Rights to grieve." He asserts, "We're held in unsafe cells with no fire sprinkler or fire evacuation plan. Which is an abomination to the rights and safety of inmates."

As relief, Plaintiff seeks compensatory and punitive damages, as well as expungement of his record.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III. ANALYSIS

### *Claim regarding grievance handling*

Plaintiff alleges a violation of his constitutional rights because he has filed grievances that have not been answered. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same).

Therefore, Plaintiff's claim concerning the handling of his grievances will be dismissed for failure to state a claim upon which relief may be granted.

### *Claim regarding lack of sprinklers and evacuation plan*

Plaintiff also asserts that LMDC does not have sprinklers or a fire evacuation plan. As a general principle, a prison official has a duty under the Eighth Amendment[1] to ensure the

---

[1] The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Ricki v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). The Sixth Circuit has historically analyzed claims by pretrial detainees and convicted prisoners "'under the same rubric.'" *Id*. (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). The Sixth Circuit has recognized only one explicit exception to this general rule, applying it only to excessive-force claims brought by pretrial detainees. *Id*. at 938 n.3 (noting that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated

"reasonable safety" of inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994).  "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Id*. at 828.  A prison official is liable for failing to protect an inmate when a plaintiff proves that, "the official knows of and disregards an excessive risk to inmate health or safety[.]"  *Id*. at 837.

Plaintiff states, "We're held in unsafe cells with no fire sprinkler or fire evacuation plan."  This one-sentence allegation is conclusory and, without more, is insufficient to state a claim under the Eighth Amendment.  *See Deas v. Ingham Cty. Jail*, No. 1:18-cv-838, 2018 U.S. Dist. LEXIS 136744, at *9 (W.D. Mich. Aug. 14, 2018) (dismissing claim alleging lack of sprinklers on initial review and finding "[t]he presence of sprinklers in the cells and common areas might enhance safety in the jail; however, the absence of sprinklers does not make the jail inherently dangerous"); *Lyle v. Montgomery Cty. Jail & Jail Maint*., No. 3:15-cv-0480, 2015 U.S. Dist. LEXIS 56018, at *6-7 (M.D. Tenn. April 8, 2015) (dismissing claim alleging lack of sprinklers on initial review and finding "their absence per se does not rise to the level of a constitutional violation"); *Querido v. Wall*, No. 10-098 ML, 2010 U.S. Dist. LEXIS 139201, at *11-12 (D.R.I. Dec. 8, 2010) (finding that allegations of a lack of "sprinkler systems, fire drills or proper fire escapes" failed to state a viable claim), *report and recommendation adopted by*, 2011 U.S. Dist. LEXIS 1882 (D.R.I., Jan. 7, 2011); *Mays v. Untig*, No. 08-CV-3379, 2010 U.S. Dist. LEXIS 6376, at *8 (D.N.J. Jan. 26, 2010) ("The absence of sprinklers or fire drills, so long as the facility is in compliance with local fire code, does not amount to a viable claim.").

---

the subjective-intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs claims by pretrial detainees may be shifting, but declining to apply the *Kingsley* standard to a pretrial detainee's claim of deliberate indifference to a serious medical need); *see also Walker v. Miller*, No. 18-3209, 2018 U.S. App. LEXIS 29348, at *3 (6th Cir. Oct. 17, 2018) (continuing to apply the traditional standard to a pretrial detainee's deliberate indifference claim).  Therefore, the Court concludes that the Eighth Amendment's deliberate indifference standard applies to Plaintiff's claims in this action.

Accordingly, Plaintiff's claim alleging lack of sprinklers and a fire evacuation plan will be dismissed for failure to state a claim upon which relief may be granted.

### *Claim against Defendant Bolton*

Plaintiff names Defendant Bolton in the portion of the complaint form where the Defendants are to be listed, but the complaint contains no other reference to him. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff has not alleged any personal involvement by Defendant Bolton, and the claims against him must be dismissed.

Moreover, to the extent Plaintiff seeks to hold Defendant Bolton liable based on his supervisory authority as Director of LMDC, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the

offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d at 300 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). The complaint fails to demonstrate that Defendant Bolton encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced in any unconstitutional conduct.

Accordingly, the claim against Defendant Bolton will be dismissed for failure to state a claim upon which relief may be granted.

### *Remaining claims*

Upon review of the complaint, the Court finds that the allegations concerning the conditions of the kitchen and food trays and allegations concerning the denial of Plaintiff's religious exercise may be sufficient to survive initial review. However, Plaintiff names no Defendant(s) against whom he alleges these claims. As stated above, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains in order to state a claim for relief. *See Rizzo v. Goode*, 423 U.S. at 375-76. It is not sufficient for Plaintiff to sue "Staff et, al" or "Kitchen, Maintenance Staff, et, al." Plaintiff must name as Defendants the specific individuals[2] whom he alleges violated his rights and state the specific factual allegations he believes support his claim against each individual Defendant. In addition, Fed. R. Civ. P. 10(a) provides that the "title of the complaint must name all the parties[.]" Therefore, while Plaintiff writes "et al." after naming "Staff" in the title of complaint, Plaintiff is required to name all parties, and the Court does not consider Plaintiff's inclusion of "et al." as suing additional Defendants.

---

[2] If Plaintiff does not know the name of a specific individual, he may name a John or Jane Doe Defendant and seek information to identify the person's name through discovery should a claim against that Defendant proceed beyond initial review.

7

Accordingly, the Court will direct Plaintiff to file an amended complaint naming the specific individuals he seeks to name as Defendants and stating specific factual allegations as to how each individual allegedly violated his rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims regarding the handling of his grievances and the lack of sprinkler and fire safety plan and his claim against Defendant Bolton are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff must file an amended complaint**. He must include **all claims** he wishes to assert in this action as the amended complaint will **supersede** the original complaint. Plaintiff must name as Defendants the specific individuals whom he alleges violated his rights and state the specific factual allegations he believes support his claim against each individual defendant. Plaintiff must also tender a summons form for each Defendant he sues. The Court will conduct initial review of the amended complaint in accordance with 28 U.S.C. § 1915A.

The Clerk of Court is **DIRECTED** to place the instant case number and word "Amended" on a § 1983 complaint form, along with four summons forms, and send them to Plaintiff for his use.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein and for failure to comply with an Order of this Court.**

Date: May 8, 2019

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
　　Jefferson County Attorney
4415.010